IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-133 |
| | ) |
| TIMOTHY BONNER | ) |

**Memorandum Opinion and Order**

Defendant Timothy Bonner has filed a Motion for Early Termination of Supervised Release. ECF No. 589. The government has filed a Response opposing the Motion. ECF No. 591. On January 6, 2020, Mr. Bonner pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 846, a lesser included offense at Count 2 of the Indictment. On May 28, 2020, this Court sentenced Mr. Bonner to 63 months' imprisonment (the low end of the guideline rage), to be followed by four years of supervised release. For the reasons explained below, Mr. Bonner's Motion will be denied

   **I.**   **Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

"The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[2]

### III.   Discussion

Mr. Bonner argues that early termination of his supervised release is warranted based upon the fact that he has been performing well on supervision, he has started his own auto detailing business, and he has hosted a number of charity events. Mr. Bonner also reports that he has stayed out of trouble, he does not do drugs, he has passed his random drug tests, and he does not associate with active drug users or drug sellers. Mr. Bonner specifically seeks to expand his

---

[1] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

[2] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

business into Florida, which would require travel to and from Florida. If his supervision term is not terminated, as an alterative, he requests that the Court modify his conditions of supervision to allow him to travel throughout the United States.

In opposing termination of supervised release, the government cites the serious nature of Mr. Bonner's drug conspiracy conviction, which inherently is a threat to the safety of the community. The government argues that protection of the public is furthered by requiring Mr. Bonner to serve his full term of supervised realise. The government also argues that Mr. Bonner's positive performance on supervision shows that supervision is working and should remain in place to continue its deterrent effect. The government argues that, assuming that Mr. Bonner's car detailing business does exist and that he does want to expand into Florida, such a claim is insufficient to warrant early termination of supervised release. The government also argues that Mr. Bonner has offered no reason to show that his original term of supervision of four years is not appropriate in this case.

With respect to the alternative request to modify conditions, to permit Mr. Bonner to travel nation-wide, the government argues that there are mechanisms in place for Mr. Bonner, should he want to seek permission from his Probation Officer to travel. The government also points out that Mr. Bonner's alternative request is broad, in that he seeks permission to travel *anywhere* in the United States. Mr. Bonner, however, does not provide a sufficient explanation for this modification. Finally, Mr. Bonner refers to the "United States," but he only identifies one state where he wants to expand his business, Florida.

Assuming that Mr. Bonner and his counsel's representations are accurate, that Mr. Bonner has been compliant with the terms and conditions of his supervision, such compliance alone is typically not a sufficient reason to warrant the early termination of supervised release in

most cases. The Court notes that Mr. Bonner specifically points out that he does not do drugs, associate with anyone involved with drugs, and he has passed his random drug tests. While laudable, Mr. Bonner's successes are exactly what supervised release contemplates. Further, there is no evidence that Mr. Bonner's terms of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, or to protect the public. Mr. Bonner's offense of conviction is extremely serious: involvement in a wide-spread, ongoing drug conspiracy involving many other defendants. As noted, Mr. Bonner was sentenced at the low end of the guideline range, and he received the low end of the supervised release range of 4 to 5 years.

The standard for evaluating whether early termination is warranted is broad: the court is to determine whether it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). It is to be hoped that all defendants on supervised release successfully comply with the conditions of supervision. Thus, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. The only added information offered is that Mr. Bonner received his Master's degree and started his business.

The offense in this case is very serious, conspiring with others to distribute quantities of drugs. Significantly, Mr. Bonner was permitted to plead to a lesser included offense, and he received the benefit of the dismissal of two other Counts. This Court imposed the four-year term of supervised release, believing it was sufficient, but not greater than necessary, to meet the goals of sentencing in Mr. Bonner's case. It was also believed that the four-year term would adequately address the goals of punishment, rehabilitation, and deterrence in this case, for this defendant. Mr. Bonner has not identified any specific, extraordinary hardship thathe is suffering

due to the terms and conditions of supervision that would warrant termination of supervised release. He is doing well. He has started and maintained a business. Mr. Bonner's apparent inability to expand his business into Florida, while on supervision, may be addressed by communication with his probation officer, who can authorize travel. If Mr. Bonner wishes to move to Florida, that also could be arranged, as supervision of Mr. Bonner can be transferred to federal probation in Florida. The fact that supervised release means that expansion into Florida (or another state) is not possible, or if it is, is cumbersome, is a not an unusual consequence flowing from a federal conviction.

     Mr. Bonner's present offense weighs against termination of supervised release. Mr. Bonner was convicted of a serious and dangerous drug trafficking crime; he did not act alone, as he was part of a conspiracy to distribute drugs. There are conditions of Mr. Bonner's supervision that directly impact the safety of the community that, in the opinion of the Court, should be left in place for the full term of supervision. For the protection of the community and to ensure the continued compliance of Mr. Bonner, supervised release shall not be terminated.

     As to Mr. Bonner's alternative request to modify his conditions to permit him to travel throughout the United States, such request appears to be based solely on a desire to travel freely, rather than on a specific, identified plan to expand his business. As the government points out, Mr. Bonner has not provided any documentation of his current business, a business plan to expand business, or a specific location as to where he wants to expand. Although the focus of his Motion concerns expanding into Florida (a big enough area itself), his alternative request to be permitted to freely travel throughout the United States appears to be unconnected to a plan to expand his business. Accordingly, the alternative request to modify conditions will be denied.

## IV.    Conclusion

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), and considering Mr. Bonner's compliance with the terms of supervision, the Court concludes that the original term of supervision remains an appropriate term of supervised release. In addition, the Court declines to modify Mr. Bonner's conditions to permit him to travel throughout the United States.

Accordingly, the following Order is hereby entered.

AND NOW, this 25th day of March 2025, it is hereby ORDERED, that Timothy Bonner's Motion for Early Termination of Supervised Release, ECF No. 589, is DENIED.

_____
Marilyn J. Horan
United States District Court Judge